IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| JERRY CHRISTOPHER EDWARDS, | : |  |
|---|---|---|
|  | : |  |
| Plaintiff, | : |  |
| vs. | : | CASE NO. 2:19-cv-00164-SCJ-JCF |
|  | : |  |
| DONNA MARIE BENNETT et al, | : |  |
|  | : |  |
| Defendants. | : |  |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS [DOC 35]

Plaintiff responds to the Motion to Dismiss [Doc 35] on the First Amended Complaint [FAC 11]. The Motion fails to address any allegations and claims in the FAC and should be denied. Notably, the FAC is sworn while the Motion lacks any evidentiary basis.

## STATEMENT OF FACTS

1. The below facts and allegations of the FAC are taken as true for the purposes of the Motion, which fails to address and concedes all of them as true.

2. Plaintiff seeks relief in law and equity under 42 USC 1983 for violations of his rights under the Constitution for which venue is proper [FAC ¶ 1-2].

3. Plaintiff is an inmate in a Johnson State Prison and Defendant Bennett is or was an investigator for Dawson County during the events in question [FAC ¶ 3-4].

4. Plaintiff is a convicted sex offender [based on an underaged marriage]

1

who had to evacuate from Savannah to Dawson County during Hurricane Matthew in October 2016, who was instructed by his probation officer to stay at the residence of his fiancée or her parents where 'children will not be at' [FAC ¶ 5-8].

5. Plaintiff and his fiancée informed Dawson law enforcement of his arrival and status, as instructed by his probation officer, with one of those law enforcement officers being the Defendant, whose commander instructed Plaintiff to leave that Sunday as Plaintiff had planned [FAC ¶ 9-12].

6. Plaintiff returned to the residence of his fiancée and waited outside for her to return, who also provided a Georgia Probation Supervisor with his contact information. The Supervisor confirmed that Plaintiff should comply with the instructions of his probation officer [FAC ¶ 13-14].

7. Plaintiff waited outside of the residence for the return of his fiancée, who was joined on the porch by the father of her children. Three vehicles drove up to the residence, from which emerged Dawson law enforcement, including Defendant, Sergeant Jennifer Wright, Desrah Kraft. They verbally abused and physically beat the Plaintiff, causing him to lose consciousness, who then arrested him [FAC ¶ 15-17].

8. Defendant then made an investigative summary, that Plaintiff was waiting outside of the house, when arrested, but perjured herself on an arrest warrant when she claimed Plaintiff was inside the house with the children of his fiancée when

arrested [FAC ¶ 18-19].

9. Plaintiff was then charged by Defendant with a baseless crime of 'obstruction' and later arrested for violation of his probation, who remains in custody since October 2016, with his remaining probation revoked due to Defendant's perjury, as she also testified at his revocation hearing [FAC ¶ 20-21].

10. Plaintiff declined to accept any plea bargains and was acquitted of all charges at a bench trial [FAC ¶ 22-23]. However, Plaintiff's probation remains inexplicably revoked [FAC ¶ 22-24].

11. Plaintiff has alleged that Defendant perjured herself on the warrant and maliciously prosecuted him for his alleged crimes in violation of the Fourth Amendment to the Constitution, without probable cause. Plaintiff seeks damages for his malicious prosecution claim and related equitable relief, to essentially expunge his record and restore his probation [FAC ¶ 25-36].

12. The FAC does not make any allegation against Defendant in her official Capacity in the body of the document per Fed. R. Civ. P. 8. [FAC ¶ 1-36]. <u>The sole reference to official capacity is in the caption of the FAC</u> [Doc 11, p. 1] per Fed. R. Civ. 10 which appears to be transposed from the Complaint [Doc 1]

**PROCEDURAL POSTURE**

13. Plaintiff filed this suit as to Defendant and Dawson County, alleging

3

indifference to medical needs and harsh language [Doc 1] subject to a recommendation of dismissal [Doc 7] to which he objected [Doc 9] resulting in an order that confirmed the dismissal of his other claims as to Dawson County [Doc 10].

14. The Court's order stated that <u>Plaintiff's claim as to Defendant for malicious prosecution in violation of the Fourth Amendment could proceed and he was ordered to file the FAC</u> [Doc 10, p. 5], which he did with the FAC [Doc 11].

15. Defendant was served with the FAC, who filed a *partial* Motion to Dismiss any 'official capacity claims' based *solely* upon the caption of the FAC who 'reserved the right' to file a motion to dismiss as to all claims [Doc 35-1, p. 1], based upon 'an Eleventh Amendment immunity defense' and for 'exceeding the scope of the Order' and 'which fails to state a [official capacity] claim' [Doc 35-1, p. 2-13].

16. Notably, the Motion seeks to dismiss any official capacity claims 'with prejudice' based upon Plaintiff's alleged "violation" of the Order [Doc 35-1, p. 7]. Notably, the Motion does not cite the portion of the Order barring such claims and does not cite any part of the FAC alleging such claims.

17. Defendant filed an Answer which raises <u>41 defenses</u> [Doc 36, p. 1-13] and 36 multi-sentence paragraphs [Doc 36] in response to the one-count, plainly worded Amended Complaint [Doc 11]. Apparently, the Answer was filed over the concern about raising a partial motion to dismiss which does not address the claims.

18. Counsel for Plaintiff appeared in this case [Doc 34] who filed several unopposed motions for extension [Doc 39-41] who worked diligently to obtain the records needed to file a another complaint, such as documents in the Dawson Case and Revocation Hearing.

19. On 8/6/21, Plaintiff's counsel also filed an Open Records Request through Dawson County, still awaiting production of those records. On 8/6/21, the District Attorney indicated he will require 3 weeks to produce his records, due to his trial calendar, with a partial production available sooner through Dawson County. Plaintiff's counsel is unclear if the 3-week delay is based on actual circumstances or instructions based upon this case, who never waited nearly a month for such a request, to be completed within 3 business days. O.C.G.A. §50-18-70 (b) (1).

20. Accordingly, Plaintiff's counsel lacks sufficient information to file a Second Amended Complaint as a matter of right at this time, who will move for leave to amend after receiving the Open Records from Dawson County.

21. The Motion to Dismiss should be denied, which does not seek the proper relief, namely dismissal of a claim pled under Fed. R. Civ. P. 8 as Plaintiff has not *pled* any 'official capacity' claim in the FAC.

22. It is improper to dismiss an *unpled* claim with prejudice on a Motion to Dismiss, based upon the *caption* of the FAC, *prior* to a scheduling order and

discovery has not even commenced as well as the opportunity to amend.

23. Plaintiff's counsel will bring a Motion for Leave on the Response.

**MEMORANDUM**

The Court is requested to take notice of these matters per Fed. R. Evid. 201.

**I. The Response should be considered even if untimely.**

This response and Plaintiff's Motion [Doc 48] should be considered, even if slightly untimely, filed before the start of the business day after its deadline which will not prejudice a party. [See Order of 8/31/21] **Buford v. Atlanta**, LEXIS 166286 (N.D. Ga. 2011) [permitted amended response to motion, filed 4 days after deadline, which did not prejudice adversary] This Court recently exercised its discretion to consider a response to a motion filed a week late, more than here, which did not prejudice any party at that stage of that case. **Spence v. Family Dollar Stores of Ga., LLC**, LEXIS 120586, *2, WL 2660145 (N.D. Ga. 2021)

The Eleventh Circuit has a "strong policy of determining cases on their merits" and disfavors resolutions by mere procedural defaults. **Gulf Coast Fans v. Midwest Elecs. Imps.**, 740 F.2d 1499, 1510-11 (11th Cir.1984)); **Seven Elves v. Eskenazi**, 635 F.2d 396, 401-02 (5th Cir. Unit A Jan. 1981) [balancing of desire to preserve finality of judgments with the desire judgments reflect the merits of the case]; **Valdez v. Feltman (In re Worldwide Web Sys**.), 328 F.3d 1291, 1295 (11th

Cir, 2003) See **_Cf. Banco Continental v. Curtiss Nat'l Bank of Miami Springs_**, 406 F.2d 510, 514 (5th Cir. 1969) ["purpose of the Federal Rules of Civil Procedure is to allow a plaintiff the opportunity to have his case adjudicated on the actual facts and not to be precluded by strict procedural technicalities."] *See* **_Foman v. Davis_**, 371 U.S. 178, 181-82, 83 S. Ct. 227 (1962) ["The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."] This matter should be denied on its merits, given the issues with the Motion itself.

**II.     The Motion lacks a procedural basis which attacks an _unpled_ claim.**

The Federal and Local Rules do not provide for '*reserving*' a motion to dismiss, after an answer was filed which also do not provide for a 'partial' motion to dismiss for an unpled claim, for which Motion cites no basis [Doc 35-1, p. 1]. Fed. R. Civ. P. 12 ["A motion asserting any of these defenses must be made *before* pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim] which is cited in **_In re Sci. Atlanta_**, 239 F. Supp. 2d 1351, 1357 (N.D. Ga. 2002) [denied motion to dismiss on civil case] as follows

7

"Federal Rule of Civil Procedure 12(b)(6) *empowers the Court to grant a defendant's motion to dismiss when a complaint fails to state a claim upon which relief can be granted*. A motion to dismiss should be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957); ***Linder v. Portocarrero***, 963 F.2d 332, 334 (11th Cir. 1992). *Motions to dismiss are disfavored and are rarely granted*. ***Gasper v. La. Stadium & Exposition Dist.***, 577 F.2d 897, 900 (5th Cir. 1978); ***Woodham v. Fed. Transit Admin.***, 125 F. Supp. 2d 1106, 1108 (N.D. Ga. 2000) In considering whether to grant or deny a motion to dismiss pursuant to Rule 12(b), the Court may look only to the pleadings. Fed. R. Civ. P. 12(b). In addition, the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. ***Cooper v. Pate***, 378 U.S. 546, 546 (1964); ***Conner v. Tate***, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001) (Thrash, J.).

Nonetheless, the Eleventh Circuit has held that extrinsic documents can be considered where the documents are referred to in the complaint and are "central" to the plaintiff's claim. ***Harris v. Ivax Corp.***, 182 F.3d 799, 802 n.2 (11th Cir. 1999); ***Brooks v. Blue Cross & Blue Shield of Fla.***, 116 F.3d 1364, 1369 (11th Cir. 1997)."

The Motion makes extensive boilerplate arguments as to dismissal of the FAC, which <u>never addresses any factual allegation or claim of the FAC</u> [Doc 35-1 p. 3-13]. "A *claim* has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Ashcroft v. Iqbal***, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) The Court must "liberally construe [a *pro se* litigant's] *assertions*." ***Sanders***

***v. United States***, 113 F.3d 184, 187 (11th Cir. 1997); ***Fernandez v. United States***, 941 F.2d 1488, 1491 (11th Cir. 1991)

By comparison, the Motion cannot be liberally construed and should be denied which lacks a factual or legal basis for its arguments. [*See* Fed. R. Civ P. 7 (b) (1)(B) motions must state their grounds *with particularly*] ***Strategic Decisions LLC v. Martin Luther King Ctr,*** LEXIS 58814 *10-11 (N.D. Ga. 2015) [denied motion which failed to cite specified facts and law *to place the issue before the court*] ***Hudson v. Norfolk***, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ["[W]hen a party fails to respond to an argument or *otherwise address a claim*, the Court deems such argument or claim abandoned" (citing ***Resolution Trust v. Dunmar Corp***., 43 F.3d 587, 599 (11th Cir. 1995)) "The onus is upon the parties to formulate arguments" ***Id*** at 599. The Motion addresses no claims in the FAC.

Instead the Motion improperly argues *the caption* of the FAC as the basis for its relief. [Doc 35-1, p 1: "FAC includes a *caption* that purports to also sue Defendant in her official capacity"] [Doc 35-1, p. 3 "The [FAC] identifies Bennett in the *case caption…*other than that reference in the case *caption*, the [FAC] fails to include any allegations pertaining to the assertion of any official capacity claim"] [Doc 35-1, p. 7 "the [FAC] attempts to go outside that very narrow scope [of the order] by indicating in the *caption* of the case that Bennett is also being

9

sued in her official capacity."] The Motion vaguely argues "*Any* official capacity claims against Bennett should be dismissed for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted" [Doc 35-1, p. 7] <u>The Motion is unable to identify the claim it attempts to attack.</u>

A motion to dismiss cannot is based upon the "case-caption" when *a claim is unpled.* ***Marsh v. Butler***, 268 F. 3d. 1014, 1024, FN 4 (11th Cir. 2001) [sheriff not immune in her individual capacity for beating an inmate, who consented to trial in official capacity per official capacity language in complaint's caption] holding:

> "A reader of the complaint may wonder if the complaint actually purports to sue the Sheriff in her individual capacity. It does not.
>
> According to Fed. R. Civ. P. 8(a), a complaint must contain, 1) a short and plain statement of the grounds upon which the court's *jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks*."
>
> "In this case, that part of the complaint which purports to state the claim against Harris does specifically address the capacity in which the Sheriff is sued. It says these words about capacity: "Defendant Diane Harris is sued in her official capacity as Sheriff of Butler County." <u>Thus, the complaint's "statement of a claim" does not purport to make a claim against the Sheriff in her individual capacity</u>.
>
> *"The caption to the complaint contains these words: "Diane Harris, Sheriff of Butler County, in her individual and official capacity." But the caption of the complaint is not part of the statement of the claim under Rule 8. The caption is something apart, being mandated by a different rule: Fed. R. Civ. P. 10. The caption is chiefly for the court's*

*administrative convenience. It may, however, sometimes be useful to look at the caption -- when the Rule 8 statement of a claim is ambiguous about a party's capacity -- to settle pleading ambiguities*. See **Hobbs v. E.E. Roberts**, 999 F.2d 1526, 1529-30 (11th Cir. 1993) (using several factors, including caption, to resolve ambiguity of whether official sued in official or individual capacity). **To use the Rule 10 caption to create an ambiguity when the statement of the claim is itself not ambiguous is incorrect.**"

By comparison, the body of the FAC *clearly* refers to Defendant *solely* in an individual capacity, which mentions *no* official capacity claims against her and was not tried in that capacity [FAC ¶ 4, detailing the Defendant] Again, this Court *dismissed* official capacity claims *when pled per Fed. R. Civ P. 8*. **Johnson v. Douglas Cty. Sch. Dist**., LEXIS 136677, *11-12, (N.D. Ga. 2009) [recommended *dismissal* of official capacity *claims* against members of school board in their official capacities] as follows:

> As the Supreme Court has observed, "[t]here is no longer a need to bring official-capacity actions against local government officials, for under [**Monell v. Dep't of Soc. Servs**., 436 U.S. 658, (1978)] . . . local government units can be sued directly for damages and injunctive or declaratory relief." **Kentucky v. Graham**, 473 U.S. 159, 167 n.14, (1985) (citation omitted). Courts have applied this principle to suits against local government units for alleged violations of Title VII, the ADEA, and the First Amendment. **Busby v. City of Orlando**, 931 F.2d 764, 776 (11th Cir. 1991) (*per curiam*) [upholding district court grant of a directed verdict to officers sued in their official capacities for violations of Title VII and plaintiff's First Amendment rights when the city remained in the suit as a defendant); **Kiser v. Naperville Cmty. Unit**, 227 F. Supp. 2d 954, 958, 960 (N.D. Ill. 2002] (dismissing as redundant claims for violations of the ADEA brought against individual board members and the school district superintendent in

their official capacities because the school district was also named as a defendant).

Here, plaintiff named Douglas County School District as a defendant in the case. [Doc. 1 at 1]. Because plaintiff can sue the school district directly, there is no need to bring suit against Craft, Remillard, and the individual board members in their official capacities. *Accordingly, the undersigned **RECOMMENDS** that the claims against the defendants in their official capacities be **DISMISSED***."

Therefore, the Motion should be denied as the FAC pled no official capacity claims which are not before the Court. "Liberal construction also does not entitle the Court "to conjure up *unpled* allegations." **McFadden v. Lucas**, 713 F.2d 143, 147 n.4 (5th Cir. 1983) [court could not adjudicate unpled claims for assault]

### III. The Motion lacks a substantive basis.

The Motion also misstates Plaintiff's alleged lack of compliance with the prior Order by arguing "Because this Court has not authorized any official capacity claims against Bennett via the [FAC] and has expressly forbid any such claims from being able to proceed based on its frivolity review Orders, any purported official capacity claims against Bennett must be dismissed with prejudice on that basis alone." [Doc 35-1, p. 7]

Yet, the Motion again (a) fails to cite any part of the FAC which fails to comply with the Order or (b) the language of the Order which permanently forbids such a claim at any time, even based upon a motion to amend under Fed. R. Civ. P.

12

15. "[T]he court should freely give leave [to amend] when justice so requires." "This mandate is to be heeded." **_Foman v. Davis_**, 371 U.S. 182 (1962)

Again, no such claim of Defendant's 'official capacity' is pled in the FAC, is not before the Court and would present a factual issue if pled in a subsequent amended complaint, which cannot be resolved at this time. **_W. v. Roper_**, 541 Fed. Appx. 937, 939 (11th Cir. 2013) [denied interlocutory appeal for denial of summary judgment on official capacity claim] as "The district court concluded the Plaintiffs' allegations and supporting evidence created a genuine issue of material fact on this issue, and therefore [the defendant sued in his official capacity] was not entitled to summary judgment on the "_Police Department's policy and custom on the use of mace in Birmingham schools caused their constitutional injuries_." Again, no such "policy and custom" is pled as an official capacity claim in the FAC and no such claim is presently before the Court, contrary to the Motion which inaccurately argues such a claim is automatically barred [Doc 35-1, p. 13].

Defendant is not entitled to a preemptive theoretical ruling on an unpled 'official capacity claim' who really seeks to improperly preclude a potential later-pled claim in a subsequent amended complaint, who concludes:

> "Defendant respectfully asks the Court to grant her Motion to Dismiss with respect to any official capacity claims purported to be asserted against her *in this action*." [Doc 35-1, p. 13]

The Defendant is not entitled to granting of her preemptive motion to dismiss claims which are not before the Court at this time 'in this action.'

## CONCLUSION

WHEREFORE, Plaintiff respectfully prays for the following relief:

(a) Denial of the Motion [Doc 35].

(b) All other just and proper relief.

## CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point

## CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF on the below date sending notice to counsel of record.

Respectfully submitted this 16th day of August 2021

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff